IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNA FAYE DEVILLE and )
CHARLES TODD MENIER, )
   )
    Plaintiffs, )
   )
vs. ) No.
   )
Z.H. CHOWDHURY, M.D. and )
ANDREW JOHNSON, M.D., )
   )
    Defendants. )

## JURISDICTION

The Plaintiffs at all times were citizens and residents of the State of Louisiana. The Defendant, Z.H. Chowdhury, M.D., is a citizen and resident of the State of Illinois and/or Missouri and the defendant, Andrew Johnson, M.D., is a resident of the State of Missouri. All of the underlying negligent acts occurred in the Southern District of Illinois. Plaintiffs' cause of action is based upon tort principles and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The Court has original jurisdiction pursuant to 28 U.S.C.A. §1332.

## COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT I

Comes now the Plaintiff, DONNA FAYE DEVILLE, by and through her attorneys, COOK, YSURSA, BARTHOLOMEW, BRAUER & SHEVLIN, LTD., and JOSEPH A. BARTHOLOMEW, and for Count I of her Complaint against the Defendant, Z.H. CHOWDHURY, M.D., states as follows:

1.  That on or about May 31, 2012 and at all times mentioned herein, the Defendant, Z.H. CHOWDHURY, M.D., was a licensed physician in the State of Illinois, and said Defendant provided medical services to the Plaintiff, Donna Faye Deville.

2.  That the Defendant, Z.H. CHOWDHURY, M.D., failed to apply the knowledge and use the skill and care ordinarily used by a reasonably well-qualified health care provider and therefore was professionally negligent in the following manner:

    (a) by failing to follow appropriate 2010 American Heart Association Advanced Cardiac Life Support guidelines for the pulseless electrical activity in the administration of CPR including the timely administration of epinephrine and repeating its administration.

3.  That as a direct and proximate result of the Defendant's negligent acts or omissions, Donna Faye Deville sustained an anoxic brain injury and subsequent encephalopathy and injury to her body as a whole; Plaintiff has sustained constant pain and suffering; loss of enjoyment of a normal life, Plaintiff has incurred and will become liable to pay great sums of money for medical and hospital treatment, and will become liable for additional sums in the future, all to his damage in a substantial amount.

WHEREFORE, the Plaintiff, DONNA FAYE DEVILLE, prays judgment against the Defendant, Z.H. CHOWDHURY, M.D., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

<u>s/Joseph A. Bartholomew</u>
JOSEPH A. BARTHOLOMEW
Attorney for Plaintiff
IL BAR #6187925
FED # 6519


COOK, YSURSA, BARTHOLOMEW,
BRAUER & SHEVLIN, LTD.
12 West Lincoln Street
Belleville, Illinois  62220
(618) 235-3500

<u>COUNT II</u>

Comes now the Plaintiff, DONNA FAYE DEVILLE, by and through her attorneys, COOK, YSURSA, BARTHOLOMEW, BRAUER & SHEVLIN, LTD., and JOSEPH A. BARTHOLOMEW, and for Count II of her Complaint against the Defendant, ANDREW JOHNSON, M.D., states as follows:

1. That on or about May 31, 2012 and at all times mentioned herein, the Defendant, ANDREW JOHNSON, M.D., was a licensed physician in the State of Illinois, and said Defendant provided medical services to the Plaintiff, Donna Faye Deville.

2. That the Defendant, ANDREW JOHNSON, M.D., failed to apply the knowledge and use the skill and care ordinarily used by a reasonably well-qualified health care provider and therefore was professionally negligent in the following manner:

    (a) negligently and carelessly failed to appreciate, evaluate, monitor and treat the patient's pulmonary symptoms in a timely manner.

3. That as a direct and proximate result of the Defendant's negligent acts or omissions, Donna Faye Deville sustained a cardiopulmonary arrest, subsequent encephalopathy and injury to

her body as a whole; Plaintiff has sustained constant pain and suffering; loss of enjoyment of a normal life, Plaintiff has incurred and will become liable to pay great sums of money for medical and hospital treatment, and will become liable for additional sums in the future, all to her damage in a substantial amount.

WHEREFORE, the Plaintiff, DONNA FAYE DEVILLE, prays judgment against the Defendant, ANDREW JOHNSON, M.D., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

s/Joseph A. Bartholomew
JOSEPH A. BARTHOLOMEW
Attorney for Plaintiff
IL BAR #6187925
FED # 6519

COOK, YSURSA, BARTHOLOMEW,
BRAUER & SHEVLIN, LTD.
12 West Lincoln Street
Belleville, Illinois  62220
(618) 235-3500

## COUNT III

Comes now the Plaintiff, CHARLES TODD MENIER, by and through his attorneys, COOK, YSURSA, BARTHOLOMEW, BRAUER & SHEVLIN, LTD., and JOSEPH A. BARTHOLOMEW, and for Count III of his Complaint against the Defendant, Z.H. CHOWDHURY, M.D., states as follows:

1. That on or about May 31, 2012 and at all times mentioned herein, the Defendant, Z.H. CHOWDHURY, M.D., was a

licensed physician in the State of Illinois, and said Defendant provided medical services to the Plaintiff, Donna Faye Deville.

2. That at all times mentioned herein the Plaintiffs, DONNA FAYE DEVILLE and CHARLES TODD MENIER, were married.

3. That the Defendant, Z.H. CHOWDHURY, M.D., failed to apply the knowledge and use the skill and care ordinarily used by a reasonably well-qualified health care provider and therefore was professionally negligent in the following manner:

   (a) by failing to follow appropriate 2010 American Heart Association Advanced Cardiac Life Support guidelines for the pulseless electrical activity in the administration of CPR including the timely administration of epinephrine and repeating its administration.

4. That as a direct and proximate result of the Defendant's negligent acts or omissions, Donna Faye Deville sustained an anoxic brain injury and subsequent encephalopathy and injury to her body as a whole; Plaintiff has sustained constant pain and suffering; loss of enjoyment of a normal life, and Plaintiff Charles Todd Menier suffers loss of consortium due to his wife's injuries.

WHEREFORE, the Plaintiff, CHARLES TODD MENIER, prays judgment against the Defendant, Z.H. CHOWDHURY, M.D., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

                                                     s/Joseph A. Bartholomew
                                                     JOSEPH A. BARTHOLOMEW
                                                     Attorney for Plaintiff
                                                     IL BAR #6187925
                                                     FED # 6519

COOK, YSURSA, BARTHOLOMEW,
BRAUER & SHEVLIN, LTD.
12 West Lincoln Street
Belleville, Illinois  62220
(618) 235-3500

## COUNT IV

Comes now the Plaintiff, CHARLES TODD MENIER, by and through his attorneys, COOK, YSURSA, BARTHOLOMEW, BRAUER & SHEVLIN, LTD., and JOSEPH A. BARTHOLOMEW, and for Count IV of his Complaint against the Defendant, ANDREW JOHNSON, M.D., states as follows:

1. That on or about May 31, 2012 and at all times mentioned herein, the Defendant, ANDREW JOHNSON, M.D., was a licensed physician in the State of Illinois, and said Defendant provided medical services to the Plaintiff, Donna Faye Deville.

2. That at all times mentioned herein the Plaintiffs, DONNA FAYE DEVILLE and CHARLES TODD MENIER, were married.

3. That the Defendant, ANDREW JOHNSON, M.D., failed to apply the knowledge and use the skill and care ordinarily used by a reasonably well-qualified health care provider and therefore was professionally negligent in the following manner:

   (a) negligently and carelessly failed to appreciate, evaluate, monitor and treat the patient's pulmonary symptoms in a timely manner.

4. That as a direct and proximate result of the Defendant's negligent acts or omissions, Donna Faye Deville sustained a cardiopulmonary arrest, subsequent encephalopathy and injury to her body as a whole; Plaintiff has sustained constant pain and

suffering; loss of enjoyment of a normal life, and Plaintiff, Charles Todd Menier, suffers loss of consortium due to his wife's injuries.

WHEREFORE, the Plaintiff, CHARLES TODD MENIER, prays judgment against the Defendant, ANDREW JOHNSON, M.D., in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs herein expended.

s/Joseph A. Bartholomew  
JOSEPH A. BARTHOLOMEW  
Attorney for Plaintiff  
IL BAR #6187925  
FED # 6519

COOK, YSURSA, BARTHOLOMEW,  
BRAUER & SHEVLIN, LTD.  
12 West Lincoln Street  
Belleville, Illinois  62220  
(618) 235-3500

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ILLINOIS
```

DONNA FAYE DEVILLE and     )
CHARLES TODD MENIER,       )
                           )
    Plaintiffs,           )
                           )
vs.                        )   No.
                           )
Z.H. CHOWDHURY, M.D. and   )
ANDREW JOHNSON, M.D.,      )
                           )
    Defendants.           )

## A F F I D A V I T

JOSEPH A. BARTHOLOMEW, being duly sworn upon his oath and pursuant to the Provisions of 735 ILCS 5/2-622, deposes and states as follows:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and has practiced within the last six years in the same area of medicine that is at issue in this particular action and who is qualified by experience in the subject of this case.

2. That the reviewing health professional has determined in a written report, after review of the medical records and other relevant materials involved in the particular action that there is a reasonable and meritorious cause for filing such an action.

3. That affiant has concluded on the basis of the reviewing health professional's review and consultation, that there is a reasonable and meritorious cause for filing the above-styled action against Z.H. Chowdhury, M.D.

4. That the reviewing healthcare professional is Board Certified.

5. That a copy of the Certificate of Merit is attached hereto and incorporated herein by reference.

                                         s/Joseph A. Bartholomew
                                         JOSEPH A. BARTHOLOMEW

SUBSCRIBED AND SWORN, to before me, a Notary Public, this 27th day of July, 2017.

                                                         NOTARY PUBLIC

My Commission Expires:

"OFFICIAL SEAL"
PEGGY S. COTTNER
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 24, 2020

March 21, 2013

Re: Donna Deville

I am a medical doctor with an active medical license. I have practiced medicine within the past 6 years and I am knowledgeable concerning the areas of medicine in this particular action. I have reviewed the pertinent medical records concerning the care and treatment of Donna Deville. Assuming Dr. Z.H. Chowdhury was present in a timely manner during Donna Deville's cardiopulmonary arrest on 5/31/12, then it is my opinion that Dr. Z. H. Chowdhury deviated from the acceptable standards of medical practice because he/she failed to timely order and/or administer appropriate pharmacologic agents to. Donna Deville had documented sinus bradycardia at 22:41 on 5/31/12 and did not receive atropine until 22:52, 11 minutes later. Also, she did not receive epinephrine until 22:52. Those deviations caused, or significantly contributed to cause, in whole or in part, prolonged cardiopulmonary arrest and subsequent encephalopathy.

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ILLINOIS
```

DONNA FAYE DEVILLE and )
CHARLES TODD MENIER, )
                                            )
    Plaintiffs, )
                                            )
vs. ) No.
                                            )
Z.H. CHOWDHURY, M.D. and )
ANDREW JOHNSON, M.D., )
                                            )
    Defendants. )

### A F F I D A V I T

JOSEPH A. BARTHOLOMEW, being duly sworn upon his oath and pursuant to the Provisions of 735 ILCS 5/2-622, deposes and states as follows:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and has practiced within the last six years in the same area of medicine that is at issue in this particular action and who is qualified by experience in the subject of this case.

2. That the reviewing health professional has determined in a written report, after review of the medical records and other relevant materials involved in the particular action that there is a reasonable and meritorious cause for filing such an action.

3. That affiant has concluded on the basis of the reviewing health professional's review and consultation, that there is a reasonable and meritorious cause for filing the above-styled action against Andrew Johnson, M.D.

4. That the reviewing healthcare professional is Board Certified.

5. That a copy of the Certificate of Merit is attached hereto and incorporated herein by reference.

s/Joseph A. Bartholomew
JOSEPH A. BARTHOLOMEW

SUBSCRIBED AND SWORN, to before me, a Notary Public, this _____ day of July _____, 2017.

_____
NOTARY PUBLIC

My Commission Expires:

"OFFICIAL SEAL"
PEGGY S. COTTNER
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 24, 2020

March 21, 2013

Re: Donna Deville

I am a medical doctor with an active medical license. I have practiced medicine within the past 6 years and I am knowledgeable concerning the areas of medicine in this particular action. I have reviewed the pertinent medical records concerning the care and treatment of Donna Deville. If Dr. Andrew Johnson knew about the deteriorating condition of Donna Deville on 5/31/12 (tachypnea and hypoxemia from 12:00 to 20:00) then it is my opinion that he deviated from the acceptable standards of medical practice because he did not ensure timely and proper evaluation and treatment. Those deviations caused, or significantly contributed to cause, in whole or in part, prolonged cardiopulmonary arrest and subsequent encephalopathy.